Milug-AN, J.,
delivered the opinion of the court:
This case has been once tried on a demurrer to the petition, on which judgment was rendered for the defendants.
Subsequently, on' leave of the court, the claimant amended his petition and produced further evidence, and the cause is now on trial on the merits.
The facts of the ease are fully stated in the opinion of the court, (4 G. Gis. B., p. 142,) and need not be here at length repeated. It is sufficient to state that the action is founded on the 69th section of the Act 2 March, 1799, (1 Stat. L., p. 627,) which provides that goods seized thereunder shall “ remain in the custody of the collector, or such other person as he shall appoint for .that purpose, until such proceedings shall be had as by this act are required, to ascertain whether the same have been forfeited or not, and if it shall be adjudged that they are not forfeited, they shall be forthwith restored to the owner or owners, claimant or claimants.”
The goods of the claimant — a case of jewelry — were seized by the collector at the port of New York, on the supposed ground that it was invoiced below its value. Proceedings in rem were instituted by the United States, which, after much delay, resulted in a verdict in favor of the owner. The goods were demanded, but they appear to have been lost while in the public store of the custom-house, or in their removal to the seizure room, and cannot be produced; and this suit was brought to recover their value from the United States.
On the former trial the record showed no probable cause of seizure, and on that ground, as well as others mentioned in the former opinion, the claim was refused.
The defect in the rebord on the first trial has now been supplied, and we are therefore asked to give judgment for the value of the jewelry against the United States.
The case has been elaborately argued, and with much inge *301 unity on botli sides. But we aeed not follow tlie arguments of counsel, or pass upon the interesting points of discussion raised by the Assistant Attorney General. As the case stood on the former hearing, without a certificate of reasonable cause of seizure, we held, under the authority of the act of 1799, and the construction put upon it by the Supreme Court of the United States in the uAppollon, Edam, claimant,” (9 Peters, 362,) that the remedy lay directly against the collector, or person making the seizure, and not against the United States. Now the “certificate of probable cause,” by the same authority, shelters the collector from prosecution. But the 66th section of the Act 2cl March, 1799, (1 Stat. L., p. 677,) interposes a complete bar to this action. The words of the section are: “ That if any goods, wares, or merchandise, of which entry shall have been made in the office of a collector, shall not be invoiced according to the actual cost thereof at the place of exportation, with design to evade the duties thereupon, or any part thereof, all such goods, wares, or merchandise, or the value thereof, to be recovered of the person making entry,- shall be forfeited; and in every case in which the said collector shall suspect that airy such goods, wares, or merchandise are not invoiced at a sum equal to that for which they have usually been sold in the place or country from whence they were imported, it shall. be the duty of such collector to take the said goods, wares, and merchandise into Ms possession, and retain the same with due and reasonable care, at the risk and expense of the owner or owners, consignee or consignees thereof, until their value at the time and place of importation shall be ascertained by two reputable merchants, to be chosen and appointed as in case of damaged goods, or goods not accompanied with an invoice, and until the duties arising according to such valuation shall be first paid, or secured to be paid, as required by this act in other cases of importation: Provided, That in case of a prosecution for the forfeiture aforesaid, such appraisement shall not be construed to exclude other proof upon the trial of the actual and real cost of the said goods at the place of exportation.”
This section of the act of 1799 is held to be still in force, and when applied in this case, ends all controversy. (Wood v. The United States, 16 Peters, p. 342; The United States v. Sixty-seven Packages of Dry Goods, 17 Howard, p. 85; The United States v. Nine Cases of Silk Hats, Ibid., p. 97; The United States v. One Package of Merchandise, Ibid., p. 98; see, also, 99.)
*302 The claimant having failed to avail himself of the provisions of the 89th section of the act of 1799, noticed in the former opinion, or of the 6Gth section hereinbefore quoted, he cannot now hold the United States responsible for the loss of his goods. The seizure, as he now shows himself, was under reasonable grounds of suspicion, and the goods, by the plain terms of the law, were at his own risk, until the judgment of the district court in the action for forfeiture.
The defendants are therefore entitled to judgment, and the petition is dismissed.